USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

TD AMERITRADE, INC.,  :

                Petitioner,  :  **REPORT AND RECOMMENDATION TO THE HONORABLE PAUL A. CROTTY**

     -against-  :

EDWARD W. KELLEY,  :  15cv714-PAC-FM

                Respondent.  :

------------------------------------------------------x

**FRANK MAAS,** United States Magistrate Judge.

There are two motions pending in this matter. Petitioner TD Ameritrade, Inc. ("Ameritrade") has moved to vacate an arbitral award, (ECF No. 24), and respondent Edward W. Kelley ("Kelley") has cross-moved for a "fairness hearing," (ECF No. 33). For the reasons set forth below, both motions should be denied without prejudice to their later renewal.

I.     Background

On June 11, 2015, Ameritrade moved to vacate a Financial Industry Regulatory Authority ("FINRA") arbitral award ("Award") requiring it to deliver to Kelley a physical share certificate for 152,380 Bancorp International Group, Inc. ("Bancorp") shares. (See ECF No. 24). In that motion, Ameritrade argues, inter alia, that it cannot comply with the arbitral award because that would require it to purchase and sell unregistered securities in violation of Section 5 of the Securities Act of 1933 ("Securities Act"). (See ECF No. 26); see also S.E.C. v. Monarch Funding Corp., No. 85 Civ. 7072

(LBS), 1996 WL 348209, at *6 (S.D.N.Y. June 24, 1996) ("Section 5 of the [Securities] Act prohibits the offer or sale of a security in interstate commerce unless a registration statement is in effect.").

On July 2, 2015, Kelley cross-moved for a "fairness hearing" pursuant to Section 3(a)(10) of the Securities Act, 15 U.S.C. § 77c(a)(10) ("Section 3(a)(10)"). (ECF No. 33). Under Section 3(a)(10), the sale of unregistered securities is permitted in certain circumstances, including when a court competent to hear the matter has held a hearing and determined that the transaction is fair.

II.  Arizona Action

A proceeding nearly identical to this one, Haviland v. TD Ameritrade Inc., 15cv611 ("Haviland"), is pending in the United States District Court for the District of Arizona.[1] There, Ameritrade has moved to vacate a FINRA arbitral award requiring it to deliver shares of Bancorp to Douglas A. Haviland ("Haviland"). On June 25, 2015, Judge Neil V. Wake issued a decision, in which he concluded that it was impossible and illegal to deliver the shares to Haviland. For that reason, Judge Wake confirmed the arbitral award "only to the extent, that . . . Ameritrade must continue to make good faith efforts to transfer" Bancorp stock to Haviland. Haviland v. TD Ameritrade Inc., No. 15 Civ. 611 (NVW), 2015 WL 3907117, at *5 (D. Ariz. June 25, 2015) ("Haviland I").

---

[1] According to Ameritrade, "shareholders of [Bancorp] have filed at least 56 separate FINRA arbitration cases against brokers seeking delivery of certificates for shares of [Bancorp] stock." (See ECF No. 25 at 19).

2

On July 8, 2015, Haviland moved for reconsideration of Haviland I. (Haviland, ECF No. 31). In his motion, Haviland identified for the first time "new shares" of Bancorp that allegedly previously were exempted from SEC registration under Section 3(a)(10). (See id., ECF No. 31-2 at 25-41). As a consequence, on August 10, 2015, Judge Wake issued a decision in which he vacated Haviland I and confirmed the arbitral award based on Ameritrade's ability to make a lawful purchase of the "new shares." See Haviland v. TD Ameritrade Inc., 2015 WL 4745269, at *1 (D. Ariz. Aug. 10, 2015) ("Haviland II"). On August 19, 2015, however, Ameritrade moved for reconsideration of Haviland II, arguing that the act of delivering the new shares to Haviland would be illegal. (See Haviland, ECF No. 46 ("Motion to Reconsider")). The Motion to Reconsider remains pending before Judge Wake.

In its most recent letter to the Court, Ameritrade maintains that the means suggested by Kelley to implement the Award, including a transfer of Bancorp shares pursuant to a fairness hearing, are, in fact, prohibited. (See ECF No. 38). The correctness of that assertion is one of the issues Judge Wake undoubtedly will address when he issues his next decision in Haviland. In this proceeding, however, the parties have not raised or briefed these issues, which raise complex questions of securities law. The best course of action consequently is to deny both motions without prejudice and to require further briefing after Judge Wake decides the Motion to Reconsider.

III.  Conclusion

For the foregoing reasons, Ameritrade's motion to vacate, (ECF No. 24), and Kelley's motion for a fairness hearing, (ECF No. 33), should be denied without prejudice to their renewal after the Motion to Reconsider in Haviland is decided. In the interim, this proceeding should remain open.

IV.  Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, to my chambers at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Crotty. The failure to file timely objections will result in a waiver of those

objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

        SO ORDERED.

Dated:       February 5, 2016
                New York, New York

                                          FRANK MAAS
                                   United States Magistrate Judge

Copies to counsel via ECF